UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cleveland Kilgore, # 09441-007,  ) | **C/A No. 0:08-2299-HFF-BM** |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Warden Darlene Drew, ) | |
| ) | |
| Respondent. ) | |

The petitioner in the above-captioned case is a federal inmate at FCI-Bennettsville. He was convicted following a jury trial of various counts of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal No. 06-115 (D. Md), and was sentenced to a total of one hundred forty-nine (149) months to be followed by five (5) years of supervised release. The petitioner was also directed to pay restitution in the amount of two hundred sixty-eight thousand nine hundred thirty dollars ($269,930) to Bank of America.

On November 15, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the convictions on direct appeal. *See United States v. Kilgore*, ___ Fed.Appx. ___, 2007 U.S.App. LEXIS® 26512, 2007 WL 4022840 (4th Cir., Nov. 15, 2007):

PER CURIAM:

Cleveland Kilgore was convicted by a jury on four counts of bank fraud, 18 U.S.C. § 1344 (2000), four counts of aggravated identity theft, 18 U.S.C. § 1028A (2000), and aiding and abetting those offenses, 18 U.S.C. § 2 (2000). He was sentenced to 149 months of imprisonment. On direct appeal, Kilgore has chosen

1



to proceed pro se. Although Kilgore's arguments on appeal are largely indecipherable, construing his claims broadly, Kilgore appears to challenge the district court's subject matter jurisdiction and the sufficiency of the evidence to support his convictions.

As recently noted by this court, "[s]ubject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231." *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir.), *cert. denied*, --- U.S. ----, 127 S.Ct. 328, 166 L.Ed.2d 246 (2006). Accordingly, a federal district court has jurisdiction over "all offenses against the laws of the United States." *See* 18 U.S.C. § 3231 (2000). Moreover, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hartwell*, 448 F.3d at 716 (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999)).

Kilgore does not dispute that his criminal prosecution involved the laws of the United States. Relying on commercial law, he provides no valid authority for the proposition that the district court lacked subject matter jurisdiction. To the extent that Kilgore argues in his informal brief that he is a "Foreign Nation (not a person) who rules autonomously and [is] not subject to any entity or jurisdiction anywhere," his claim is patently meritless. Accordingly, we find that the district court properly exercised subject matter jurisdiction over Kilgore's criminal prosecution under 18 U.S.C. § 3231.

A jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Smith*, 451 F.3d 209, 216 (4th Cir.) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir.1996) (en banc)), *cert. denied*, 127 S.Ct. 197 (2006). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir.1982). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the



jury resolved all contradictions in the testimony in favor of the Government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir.1998). Moreover, the uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir.1997). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." *United States v. Moye*, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), *cert. denied*, --- U.S. ----, 127 S.Ct. 452, 166 L.Ed.2d 321 (2006).

To prove bank fraud, the Government had to establish beyond a reasonable doubt that Kilgore

> knowingly execute[d], or attempt [ed] to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344. The elements of aggravated identity theft, 18 U.S.C. § 1028A, are: (1) knowing use, possession, or transfer, without lawful authority, of the means of identification of another person and (2) that such conduct occurred during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c). *See United States v. Montejo*, 442 F.3d 213, 215 (4th Cir.), *cert. denied*, --- U.S. ----, 127 S.Ct. 366, 166 L.Ed.2d 138 (2006). In turn, § 1028A(c)(5) defines an enumerated felony to include "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."

We have reviewed the transcripts of the trial and find sufficient evidence to sustain the jury's verdict. Accordingly, we affirm Kilgore's convictions and sentence. We deny Kilgore's motion for release pending appeal as moot and we further deny the "Motion to Grant Settlement." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*United States v. Kilgore*, 2007 WL 4022840, at *1-*2.



In the above-captioned case (Civil Action No. 0:08-2299-HFF-BM), the petitioner appears to be contending that he was not provided consular notification upon his arrest.[1] The petitioner appears to be reiterating, at least implicitly, the ground raised in his direct appeal: that the United States District Court for the District of Maryland lacked subject-matter jurisdiction to try him for bank fraud, identity theft, and aiding and abetting. These types of arguments are often raised by tax protesters or persons associated with militia-type groups.[2] Since the petitioner is seeking release from prison, the Office of the Clerk of Court has treated the petition as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

---

[1] The issue, raised in the original petition, of consular notification under the Vienna Convention in collateral proceedings has recently been addressed by the Supreme Court of the United States in *Medellin v. Texas*, 76 U.S.L.W. 4143, 170 L.Ed.2d 190, 128 S.Ct. 1346 (2008). The issue of consular notification in the amended petition (Entry No. 9-2) is essentially a collection of cases recognizing the importance of the habeas corpus remedy.

[2] In Entry No. 1-2, at page 4, of the petitioner's earlier Section 2241 petition filed in *Ex Parte Kilgore v. United States Government, et al.*, Civil Action No. 0:08-0506-HFF-BM, the petitioner referred to himself as a "**sui juris man**[.]" The petitioner appeared to be attempting to refer to the doctrine of *jus summi imperii* (sometimes called *jura summa imperii*) which refers to the right of supreme dominion or the right of sovereignty. *Black's Law Dictionary* (electronic edition, 1999). *Jus* and *jura* are singular and plural forms, respectively, of the Latin word meaning "right." There is no such thing as a writ of sovereign rights, except, of course, in pleadings filed by tax protesters and militia groups. *See* Tanya Telfair Sharpe, *The Identity Christian Movement: Ideology of Domestic Terrorism*, 30 Journal of Black Studies Issue 4 (March 1, 2000), *reprinted at* 2000 WL 12727206.

In a Report and Recommendation filed in Civil Action No. 0:08-0506-HFF-BM on March 6, 2008, the undersigned recommended summary dismissal of petitioner's Section 2241 petition, and the Honorable Henry F. Floyd, United States District Judge, adopted the Report and Recommendation on March 20, 2008. *Ex Parte Kilgore v. United States Government, et al.*, 2008 U.S. Dist. LEXIS® 23294, 2008 WL 739325 (D.S.C., March 20, 2008), *affirmed*, 2008 U.S. App. LEXIS® 14118, 2008 WL 2627673 (4th Cir., July 3, 2008).



*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings with attachments and the motion to proceed *in forma pauperis* pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds that the petition is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



Initially, it should be noted that the statute cited by the petitioner in his pleading, 28 U.S.C. § 2243, governs the issuance of writs, returns, and hearings in habeas corpus cases. It is not a separate collateral proceeding statute, such as 28 U.S.C. § 2241, 28 U.S.C. § 2254, or 28 U.S.C. § 2255. Hence, the Clerk of Court properly classified the above-captioned case as a petition for writ of habeas corpus filed pursuant to § 2241. A petition for writ of habeas corpus under § 2241 is utilized only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); and imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Conversely, a prisoner who is challenging his federal conviction or sentence itself "cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994).

Here, the petitioner is seeking relief from his convictions entered in the United States District Court for the District of Maryland, the relief requested by the petitioner in the above-captioned matter is available, if at all, only under § 2255. *See United States v. Morehead*, 2000 U.S.Dist. LEXIS® 17611, 2000 WL 1788398 (N.D. Ill., Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.



*United States v. Morehead.*

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
> > Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as the petitioner here, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*,

7



291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). Nevertheless, petitioner does have an adequate and effective remedy: a motion to vacate filed pursuant to 28 U.S.C. § 2255. *Phillips v. Jeter*, 2005 U.S.Dist. LEXIS® 2939, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005) (magistrate judge's Report and Recommendation). *See also United States v. Winestock* and *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966). There is no indication in the petition that the petitioner has filed a Section 2255 motion to vacate in the District of Maryland (where it would have to be filed).

As for petitioner's reference to consular notification under the Vienna Convention, this issue has required the attention of the Supreme Court of the United States in cases such as *Medellin v. Texas*, 76 U.S.L.W. 4143, 170 L.Ed.2d 190, 128 S.Ct. 1346 (2008), with respect to foreign nationals arrested for state and federal crimes in the United States. However, there is no indication that the petitioner, as a purported "sovereign citizen," ever personally ratified the Vienna Convention prior to his arrest for bank fraud, aggravated identity theft, and aiding and abetting, and since he is not a signatory to the Vienna Convention, he cannot avail himself of its provisions retroactively.

Finally, even if the above-captioned case is treated as a mandamus action, the above-captioned case is subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), because a right of action has not accrued. *See*, *e.g.*, *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (affirming the denial of relief under *Bivens* and the denial of mandamus relief); *Ramsey v. United States*, 1997 WL 74705



...

[no LEXIS® citation available] (N.D. Tex., Feb. 7, 1997) (denying mandamus relief under *Heck v. Humphrey*, *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and "their progeny'); and *Boyer v. Conaboy*, 983 F. Supp. 4 (D.D.C. 1997).

### *Recommendation*

Accordingly, it is recommended that the petition be dismissed *without prejudice* and without requiring the respondent to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WL 150451 (N.D.Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court.").

The petitioner's attention is directed to the very important notice on the next page.

July 18, 2008                           Bristow Marchant
Columbia, South Carolina      United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

